IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Docket No 2:15-cr-00570 |
| | : | |
| STEPHEN JEMAL | : | |

**MOTION TO WITHDRAW GUILTY PLEA**

**AND NOW**, the Defendant Stephen Jemal, by and through counsel, Jack McMahon, Esquire, hereby submits this Motion to Withdraw Guilty Plea and avers the following:

1. Defendant on October 31, 2016 entered a plea of guilty to the indictment.

2. Defendant was represented at this change of plea by Brian McMonagle, Esquire.

3. Defendant has hired new counsel to handle the matter moving forward.

4. Defendant is currently listed for sentencing on January 18, 2018.

5. Fed.R.Crim.P. 11(d) allows a defendant to withdraw a plea of guilty, pre-sentencing, if there is a fair and just reason for requesting the withdrawal.

6. The Third Circuit has held that three factors should be considered in ruling on a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence, (2) the reasons for moving to withdraw, and (3) whether the Government would be prejudiced by such a withdrawal.  United States v. Brown, 250 F.2d 811, 815 (3rd Cir. 2001).

7. Defendant now asserts, pre-sentencing, that the only reason he pled guilty was due to the promise of prior counsel that if he paid the entire balance of the loan to Republic Bank before sentencing, he would not be sentenced to any jail time.

8.  This statement was obviously not part of the colloquy but was told to Defendant and his family, along with a reference to the Guidelines, that if there was no real loss, the guideline range would be 0 - 6 months.

9.  Present counsel has determined that there was no such agreement between the Government and defense counsel.

10.  Representation of prior counsel to the Defendant and his family, regarding guidelines information, was interpreted by them to be the law and as such relied on by them to make this critical decision.

11.  As such, plea was not a knowing and intelligent waiver of his constitutional right to trial.

12.  Defendant now asserts his innocence.  The Defendant claims he did not have the requisite "mens rea" to defraud Republic Bank.

13.  The collateral the Defendant pledged for the $5.24 million loan to Republic were the properties "Cape May I" and "Cape May II".  The value of these properties was sufficient to secure the loan amount.

14.  The collateral the Defendant pledged for the $4 million loan was two private residences, one in New Jersey with equity of at least $2.5 million and a New York home with equity of about $4 million.  The equity value was far more than the loan value.

15.  The value of the stocks referenced, not as collateral mind you, was not an attempt to misrepresent to the bank on the part of the Defendant.

16.  Defendant never had and still does not have the intent to defraud Republic Bank in any way.

17. Defendant's intent was always to repay secured loans that he had obtained from Republic Bank to develop his commercial property. Defendant also contracted with Amalgamated Bank to take out Republic Bank but agreement was breached.

18. Defendant, through an agreement with third party, Mr. Konig, paid $250,000 to Republic but again agreement was breached causing Defendant to sue Konig.

19. The stocks referenced above were held at Southwest Securities.

20. Leighton Stallones was the Defendant's agent/broker at Southwest Securities.

21. Pat Morris was the loan agent for Republic Bank.

22. During the pendency of the loan application, Mr. Morris checked with Mr. Stallones as to the securities being held by the Defendant at that time.

23. Republic Bank had full knowledge from Mr. Stallones as the quantity and nature of the assets being held by Defendant.

24. Defendant putting Mr. Morris in contact with Mr. Stallones to give insight into his assets rebuts the concept of intentional fraud or intentional hiding by the Defendant.

25. Defendant was in fact offered by Republic Bank additional loan amounts on the mere pledging of the securities that Mr. Morris had checked on, but the Defendant said no.

26. Defendant's actions with regard to refusing additional money on a mere pledge of the Southwest Securities assets again belies his fraudulent intent and mind set.

27. Defendant is now desirous of putting forth his interpretation of the events to a jury and let them determine if he truly had a fraudulent intent.

28. There is absolutely no prejudice to the Government by allowing this withdrawal. All witnesses are available and there is nothing that counsel is aware of that would hinder the Government from proceeding to a trial.

**WHEREFORE**, Defendant respectfully requests that he be allowed to withdraw his guilty plea.

Respectfully submitted,

Date: December 5, 2017          /s/ Jack McMahon
                                Jack McMahon
                                Attorney for Stephen Jemal

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this date a copy of the foregoing Motion to Withdraw Guilty Plea was electronically served by the Court's electronic case filing system upon the following:

Joel D. Goldstein, AUSA
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106


Date:  December 5, 2017                      /s/ Jack McMahon
                                                           Jack McMahon