IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| STEPHEN JEMAL | : | NO. 15-570 |

## **ORDER**

**AND NOW**, this 13th day of April, 2020, upon consideration of Defendant Stephen Jemal's Amended Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Docket No. 85) and all documents filed in connection therewith, including the parties' supplemental letters filed on April 11, 2020 and April 12, 2020, and after a conference call with the parties earlier today, **IT IS HEREBY ORDERED** that our ruling on the Amended Motion is **FURTHER DEFERRED** until April 28, 2020, which is thirty days after Defendant submitted to the Warden at the Federal Correctional Institution at Otisville his administrative request that the Bureau of Prisons ("BOP") file a motion for compassionate release on this behalf, or the date on which the BOP issues a decision on that administrative request, whichever date is earlier.[1]

---

[1] On April 8, 2020, we issued a Memorandum and Order that preliminarily considered Defendant's Motion for Compassionate Release and deferred any ruling on the Motion until the BOP issued a decision on Defendant's administrative request or April 12, 2020, whichever occurred first. We have since learned that, on April 9, 2020, the BOP recommended Defendant for transfer to community confinement, which in his circumstances would equate to home confinement. That recommendation was communicated to the Residential Reentry Management Office, which will make the final determination, presumably in the next few days. In addition, in accordance with the BOP's safety protocols, before transfer to home confinement, Defendant will spend a 14-day period in quarantine.

The Government has requested that, in light of these developments, we further defer any ruling on Defendant's Motion until April 28, 2020. Defendant objects to any further deferral, arguing that in making the recommendation that he be transferred to community confinement, the BOP has officially deferred any ruling on his administrative request for it to file a compassionate release motion. He further argues that his quarantine will be spent in the Special Housing Unit ("SHU"), when he should instead be released directly to home confinement, where he can also be quarantined.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

However, in light of the administrative procedures set forth in 18 U.S.C. § 3582(c)(1)(A), the only potential justification for our ruling on Defendant's Motion prior to his exhaustion of those remedies would be a determination that exhaustion would be futile. Given the BOP's ongoing actions to address the very threats to Defendant's health and safety on which he bases his Motion for Compassionate Release, even if we could reach the futility issue, we simply could not conclude on the basis of the record now before us that exhaustion would be futile. To the contrary, the evidence is that the BOP is acting swiftly to address the precise concerns that Defendant raises in his Motion. And while Defendant may object to the conditions of quarantine that the BOP requires, it is not our role to micromanage the conditions of his confinement, and we will not second-guess the BOP's decisions in that regard, which are products of its expertise and superior access to information relevant to such decisions. Accordingly, we further defer any ruling on Defendant's Motion for Compassionate Release as set forth above.